UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC D. SMITH and CAROLYN U. SMITH,

    Plaintiffs,

vs.                                                                                          Case No. 14-14884

NATIONAL COLLEGIATE STUDENT LOAN             HON. AVERN COHN
TRUST 2007-4, UNION FEDERAL SAVINGS
BANK,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 10)
## AND
## DISMISSING CASE[1]

I. Introduction

This is a debt collection case. Plaintiffs are proceeding pro se. As best as can be gleaned from the complaint, plaintiffs claim that defendants National Collegiate Student Loan Trust 2007-4 (the Trust), and Union Federal Savings Bank (the Bank), violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, in attempting to collect on a student loan debt. Plaintiffs appear to say that a credit reporting agency deleted a student loan debt from Marc Smith's credit file, that plaintiffs sought "verification" of the debt, and have requested documents to show that plaintiffs are "the holder in due course."

As will be explained, the complaint may also be read to raise additional claims.

---

[1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Before the Court is the Trust's motion to strike and dismiss under Fed. R. Civ. P. 11(a), 12(f) and 12(b)(6).  Plaintiffs filed a response[2] (Doc. 18) and the Trust filed a reply (Doc. 19).  The matter is now ready for decision.

For the reasons that follow, the motion will be granted on the grounds that the complaint fails to state a claim upon which relief may be granted.[3]

## II.  Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).  See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks and citation omitted).

## III.  Analysis

### A.  Federal Claims

The complaint refers to the FDCPA in two places.  See Doc. 1 at p. 8-9.  In order

---

[2]Plaintiffs titled their response "Motion to Dismiss Briefing."  A review of the paper reveals that it is not a motion but rather a response to the Trust's motion.

[3]The Court declines to consider whether dismissal is appropriate under Rule 11(a) or Rule 12(f), but notes the Trust's arguments in this regard appear to be well-taken.

to plausibly plead a claim under the FDCPA: "(1) plaintiff must be a 'consumer' as defined by the Act; (2) the 'debt' must arises out of transactions which are 'primarily for personal, family or household purposes;' (3) defendant must be a 'debt collector' as defined by the Act; and (4) defendant must have violated § 1692e's [or other applicable] prohibitions [of the FDCPA]." Wallace v. Washington Mut. Bank, F.A., 683 F.3d 323, 326 (6th Cir. 2012); see also Dunn-Mason v. JP Morgan Chase Bank, N.A., No. 11–cv–13419, 2013 WL 5913684, *11 (E.D. Mich. Nov. 1, 2013).

The complaint does not meet these pleading requirements. Rather, the complaint refers to and quotes the statutory language of 15 U.S.C. §§ 1692e and 1692f, but does not have any factual statements as to any element of an FDCPA claim. There are no factual allegations regarding the nature of the obligation, factual allegations to warrant the inference that the Trust or any defendant is a debt collector, or that the Trust or any defendant took any action or communicated any information to plaintiffs in violation of any of the statutory requirements of the FDCPA. Even construing the complaint liberally, it contains no more than threadbare legal conclusions devoid of facts. In the absence of any allegations of collection activity regarding a consumer debt, the complaint fails to state a claim under the FDCPA.

In response, plaintiffs cite to cases that relate to ones status as a holder in due course. However, as the Trust explains, under the FDCPA, plaintiffs must point to something said or represented by the Trust or any defendant amounting to a false, deceptive, misleading, unfair or unconscionable statement upon which to base their claims. Plaintiffs have not pointed to anything said by the Trust or any defendant "about holders in due course [status]. And no reason exists to think that the least sophisticated

3

consumer gives any thought to holders in due course-by definition, the least-sophisticated consumer lacks any knowledge of the concept." Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 596 (6th Cir. 2009)(emphasis original).  See Kafele v. Javitch, Block, Eisen & Rathbone, LLP, No. 2:03 CV 638, 2004 WL 5178125, at *10 (S.D. Ohio Sept. 27, 2004)("Holder-in-due-course status is irrelevant to the purpose of the FDCPA verification requirement. Holder in due course status confers protections upon the holder of a negotiable instrument against certain defenses that the obligor of the instrument might have raised against a previous holder or the original obligee.... Holderin- due-course status therefore says nothing about who owes the debt, the amount owed, or whether it has already been paid.  Therefore, plaintiff's claim that defendants violated ... [the FDCPA] by failing to provide verification of Household Financial Services' holderin-due-course status is without merit.").

The only "fact" identified in plaintiffs' response relates to the absence of a representation or information on Marc Smith's credit report, allegedly deleted in response to a dispute.  However, pre-dispute information conveyed to a credit reporting agency does not amount to a communication in connection with collection of a debt governed by the FDCPA.  See McIvor v. Credit Control Servs., Inc., 987 F. Supp. 2d 968, 971 (D. Minn. 2013) aff'd, 773 F.3d 909 (8th Cir. 2014)

To the extent, by implication, Carolyn Smith is requesting information appearing on her credit report should be deleted, the procedures for disputing her debt are not alleged to have taken place, which is a prerequisite to an action under the Fair Credit Reporting Act.  Elsady v. Rapid Global Bus. Solutions, Inc., No. 09-11659, 2010 WL 742900, at *3 (E.D. Mich. Feb. 26, 2010).

Overall, the complaint does not plead a viable claim under the FDCPA against the Trust or any defendant.

The complaint also alludes to the civil rights statute. See Doc. 1, ¶ 15 at p. 5. Section 1983 creates a civil action for deprivation of federal rights under color of state law. To make out a claim under 42 U.S.C. § 1983, a plaintiff must plead and prove two elements: (1) that there was a deprivation of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999). Plaintiff may not proceed under section 1983 against a private party, "'no matter how discriminatory or wrongful' the party's conduct." Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir.2003) (quoting Am. Mfrs., 526 U.S. at 50).

Here, plaintiffs have not alleged any facts supporting a plausible inference that th Trust or any defendant acted under color of state law or that its conduct, whatever it was, abridged any federal right secured by the Constitution or laws of the United States. As such, the complaint does not plead a plausible civil rights claim.

### B. Other Claims

Plaintiffs' complaint makes reference to various laws and causes of action, none of which provide a right to relief in this action. Peppered throughout the complaint are references to M.C.L. § 440.3305 (Defenses and claims in recoupment; claims in consumer transactions), and M.C.L. § 440.3302 (holder in due course),12 U.S.C. Banks & Banking, and 13 Stat. 99 (Act to provide National Currency). None of these laws provide a cause of action against any defendant.

Plaintiffs also list a multitude of common law causes of action, including slander,

fraud, breach of contract, negligence, defamation, injurious falsehood, intentional infliction of emotional distress, and libel per se.  However, the complaint fails to "give the defendant[s] fair notice of what the ... claim is and the grounds upon which it rests," and amount to nothing more than unadorned labels, devoid of any factual enhancement.  As such, they have not plead plausible claims for relief.

## IV.  Conclusion

For the reasons stated above, the Trust's motion to dismiss is GRANTED. Plaintiffs' claims against the Trust are DISMISSED.

As to the Bank, it is not clear whether it has been properly served.[4]  Putting that aside, as explained above, the complaint fails to raise a plausible claim for relief against any defendant, the case will be DISMISSED as to the Bank.

This case is CLOSED.

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: June 19, 2015

---

[4] Marc Smith filled out the return of service form and filed it with the Court.  The form simply says that the Bank was personally served at a P.O. Box location in Boston, MA.

6